FILED
MAY 23 2008
MAY 23 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MOTION UNDER 28 U.S.C. SECTION 2255**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

UNITED STATES

v.

HENRY C. RENKEN

15058-424
(Full name and prison number of movant)

08CV3016
JUDGE COAR
MAG.JUDGE ASHMAN
(To be supplied by clerk)

**IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE FUTURE UNDER A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.**

1. Place of detention, or if on parole, date of parole release

   FCI Waseca, P.O. Box 1731, Waseca, MN 56093.

2. Name and location of court which sentence was imposed and name of judge who imposed the sentence which is now under attack.
   United States District Court, Northern District of Illinois

   219 S. Dearborn, Chicago, IL 60604; Judge David Coar

3. Date of judgment of conviction: February 15, 2005

4. Case number: 02 CR 1099

5. Length of sentence: 134 months

6. Nature of offense involved (all counts): Aggravated Bank Robbery, Use of a Firearm During a Violent Crime.

7. What was your plea? (check one)

(A) Not guilty ( X )
(B) Guilty ( )
(C) Nolo Contendere ( )

8. Kind of trial: (check one)

(A) Jury ( X )
(B) Judge only ( )

9. Did you testify at the trial?

Yes ( ) No ( X )

10. Did you appeal from the judgment of conviction?

Yes ( X ) No ( )

11. If you did appeal, answer the following:

(A) Name of court U.S. Seventh Circuit Court of Appeals

(B) Result Affirmed

(C) Date of result January 31, 2007

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

Yes ( X ) No ( )

13. If your answer to (12) was "**YES**," give the following information:

(A) (1) Name of court **United States Supreme Court**

(2) Nature of proceeding **Petition for Writ of Certiorari**

(3) Grounds Raised **Illegal search and seizure. Introduction of tainted evidence at trial was not harmless error.**

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( ) No ( X )

(5) Result **Certiorari denied**

(6) Date of result **October 1, 2007**

(B) As to any second petition, application or motion, give the same information:

(1) Name of the court ______

(2) Nature of proceeding ______

(3) Grounds Raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( ) No ( )

(5) Result ______

(6) Date of result ______

(C) As to any third petition, application or motion, give the same information:

(1) Name of the court ______

(2) Nature of proceeding ______

(3) Grounds Raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( ) No ( )

(5) Result_______________

(6) Date of result_______________

(D) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ( ) No ( X )

(2) Second petition, etc. Yes ( ) No ( )

(3) Third petition, etc. Yes ( ) No ( )

(E) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

No further appeal possible.

14. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION: IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.**

A. Ground one See Attachment

Supporting FACTS (tell your story briefly without citing cases or law:

See Attachment

B. Ground two See Attachment

Supporting FACTS (tell your story briefly without citing cases or law):

See Attachment

C. Ground three See Attachment

Supporting FACTS (tell your story briefly without citing cases or law):

See Attachment

Ground four See Attachment

Supporting FACTS (tell your story briefly without citing cases or law:
See Attachment

15. If any of the grounds listed in 14 A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:
Grounds Two and Three-Not presented as a result of ineffective assistance of counsel at hearing, trial, and appellate levels. Ground Three-Not presented due to Movant not possessing most transcripts and rulings until March 2007.

16. Do you have any petition or appeal now pending in any court as to the judgment under attack? Yes ( ) No ( X )

(A) If **"YES,"** state the name of the court and the nature of the proceeding:

17. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing Michael Petro, 53 W. Jackson, Suite 324, Chicago IL 60604

(B) At arraignment and plea (same)

(C) At trial (same) ____________________

(D) At sentencing (same) ____________________

(E) On appeal (same) ____________________

(F) In any post-conviction proceeding Pro Se ____________________

(G) On appeal from any adverse ruling in a post-conviction proceeding N/A ____________________

18. Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time? Yes ( X ) No (  )

19. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes (  ) No ( X )

(A) If so, give the name and location of the court which imposed the sentence to be served in the future: ____________________

(B) And give the date and length of sentence to be served in the future: ____________________

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of attorney (if any)

Henry C Peuker
Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2008
(date)

Henry C Peuker
Signature of Movant



Revised: March 4, 2004

GROUND ONE

Conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

FACTS

Movant's Fourth Amendment rights were violated when FBI agents and police entered and searched his home and seized evidence without a warrant or clear and voluntary consent from his wife, Mrs. Renken. She has denied giving consent to enter their home when confronted at the door by visibly armed agents/police late at night while she was wearing a robe. The government provided no evidence of consent to enter being given such as a signed consent form, or video or audio recording of the encounter.

Mrs. Renken was very tired on the night in question, under the influence of a prescribed narcotic pain medication (Vicodin), and was suffering from fibromyalgia, a painful muscular disorder. The symptoms that she suffers from include widespread pain, fatigue/sleep disturbance, difficulty concentrating, and depression. These problems interfere with her ability to function. She has had the symptoms of fibromyalgia for at least ten years. At the time, they were being treated with sleep medication and Vicodin, which can further affect judgement and reaction time. Her symptoms were only diagnosed as fibromyalgia in October of 2007, after she had obtained a referral to a rheumatologist; she is now being treated with Pregabalin (Lyrica) with some success, reducing the need for pain and sleep medications.

District Judge Coar stated in an October 27, 2004 Memorandum Opinion and Order, "The effect of opening one's front door to find three law enforcement officials, one in uniform and with an exposed weapon, on the front step at 10:40 p.m., and several more armed agents arrayed around the perimeter of

one's property, likely would have an intimidating effect on many people; an instinctive recoil should not be taken for a consent to enter without more persuasive evidence from the government. Indeed, if voluntariness were the only issue to examine in this suppression motion, instead of consent, it would be hard to justify how this encounter was voluntary. From the moment Mrs. Renken opened the door of the house until the agents left with her husband, the setting strongly suggests coercion and intimidation."(p.8)

Mrs. Renken's failure to put up an immediate, forceful resistance to the agents/police using such tactics at the door, and again when, without giving her an opportunity to refuse, they began to move about the house, search it, and enter and leave at will was due to the above factors, in particular her physical and mental state brought on by fibromyalgia and medication, and was not clear and voluntary consent.

The consent to search form for the residence signed by Movant and his further cooperation with agents/police were also the result of coercion and intimidation and were therfore not voluntary. Movant had his showering interrupted by armed agents/police, was escorted downstairs in his home, questioned without being advised of his rights, and confronted with illegally obtained evidence. All the while, he was being guarded by armed agents/police, one with a long rifle in the ready position, while his wife was being held incommunicado in another room. Movant had been drinking alcohol and had taken prescribed narcotic pain medication (Vicodin) for knee pain (he tested positive for the drug the next day by Pretrial Services, which required a copy of his prescription in order for him to be granted pretrial release). Movant believed that there was no use in witholding consent to search a place that had already been searched.

The consent to search Mrs. Renken's Chevy Blazer was invalid for the above reasons and the fact that Movant neither owned nor was in control of the vehicle at the time he signed it.

GROUND TWO

Movant's Fifth Amendment right to due process was violated when the limited scope of the Voluntariness hearing of January 30, 2004 was improperly expanded after it had been adjourned.

FACTS

During the questioning of Movant's wife, Mrs. Renken, Movant's counsel attempted to question her about her state of mind on the night of November 13, 2002. The government objected, stating that "...This hearing is about the voluntariness of the statements given by Mr. Renken, not what happened by Mrs. Renken in another room of the house that Mr. Renken may have no idea what's going on." [sic] The court sustained this objection, ruling that "Her state of mind is irrelevant." (Voluntariness hearing, January 30, 2004, p.73-excerpted transcript.)

However, in Memorandum Opinion and Order of October 27, 2004 resulting from the aforementioned Voluntariness hearing, the court finds that "...it appears that she gave some kind of implied consent to entry, even if there was no verbal assent to their request to speak to her husband." (p.6), ruling that the initial entry and seizure of the house was by consent of Mrs. Renken.

In view of the above findings and the facts set forth in Ground One of this motion, particularly Mrs. Renken's condition and the court's finding that "... the setting strongly suggests coercion and intimidation.", Mrs. Renken's state of mind is relevant.

GROUND THREE

Movant was denied his Sixth Amendment right to effective assistance of Counsel.

FACTS

At the Voluntariness hearing of January 30, 2004, after being denied the opportunity to investigate Mrs. Renken's state of mind on the night of November 13, 2002 as stated in Ground Two of this Motion, attorney Michael Petro, Movant's counsel, did not attempt to question her about her physical condition or if she had been using any medication that night. This was despite counsel's having been informed by Movant at least twice that she had been very tired, in pain, and had used Vicodin. Counsel also failed to move to hold a hearing specifically regarding Mrs. Renken- whether she gave voluntary consent and her physical and mental condition that night. He also failed to introduce evidence that Movant had been under the influence of Vicodin and alcohol at the time of signing the consent to search as stated in Ground One of this Motion.

Additionally, counsel's support for the position that the police/agents had used coercion and intimidation to illegally gain entry, search, and over-run the Renken's home was, according to District Judge Coar, "conclusory and rhetorically weak." (Memorandum Opinion and Order, Oct. 27, 2004, p.8)

GROUND FOUR

Conviction was obtained by the introduction of tainted evidence at trial.

FACTS

The testimony of dog handler Trascz, linking the bicycle used in the bank robbery with Movant's wife's vehicle was allowed at trial. This was in spite of the fact that police admitted that the evidence scene had been contaminated by their moving of the bicycle from the position where they found it to the vehicle and back prior to using the dog to follow a trail. The

Seventh Circuit Court of Appeals in its January 31, 2007 ruling affirming this case found that "There may be reason to question the reliability of Trascz's methods in this particular case, if only because of the apparent contamination of the search area caused by moving the bicycle." (p.8-9)